IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE No. 3:01-cr-06-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

Now pending before the court are several *pro se* motions by federal inmate Donald

Brooks ("Brooks") relating to his criminal case. Brooks challenges the sentence imposed

on him in 2003 for conspiracy to possess with intent to distribute cocaine. He argues that

the trial judge was racially biased against him which he says resulted in him receiving an

overly harsh sentence. For the reasons now discussed, the court concludes that Brooks'

motion for leave to file a supplemental claim (doc. # 865) is due to be granted, and his

motion to review (doc. # 853) and motion to vacate, set aside or correct sentence pursuant

to 28 U.S.C. § 2255 (doc. # 862) should be dismissed as unauthorized successive § 2255

motions.[1]  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

---

[1]  On April 19, 2012, the court notified the defendant, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), of the court's intention to re-characterize his motion to review as a § 2255 motion. (Doc. # 861).  In response to the court's *Castro* order, Brooks filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 862) and a motion for leave to file a supplemental claim to his pending motion to vacate. (Doc. # 865).

## I.    DISCUSSION

This is not the first 28 U.S.C. § 2255 motion filed by Brooks attacking his conviction and sentence in *United States v. Brooks,* Case No. 3:01-cr-006-JTC (N.D. Ga. 2003). Brooks' first § 2255 motion was filed on September 30, 2004, alleging ineffective assistance of counsel, and challenging his sentence.  *See* Doc. # 708.  In particular, Brooks alleged that his trial counsel failed to properly advise him of his right to testify.  He also alleged that his trial counsel failed to advise him that a  consequence of his conviction would be a sentence of life imprisonment without the possibility of parole.  Finally, he alleged trial counsel rendered ineffective assistance of counsel because counsel failed to investigate his defense and failed to call alibi witnesses.  (*Id*.)  On November 16, 2005, the court denied all of Brooks' claims except his allegation that trial counsel improperly advised him on his right to testify.  (Doc. # 737).  After an evidentiary hearing, the court adopted the Magistrate Judge's Recommendation that Brooks' ineffective assistance of counsel claim regarding his right to testify be denied, and denied the motion to vacate.  *See* Docs. # 755 & 762.  Brooks' appeal to the Eleventh Circuit Court of Appeals was unsuccessful.  *See Brooks v. United States*, 248 Fed. Appx. 77 (11th Cir. 2007).

On January 7, 2008, Brooks filed a Rule 60(b) motion challenging his sentence. (Doc. # 784).  The court denied Brooks' motion on the merits on May 20, 2008.  (Doc. # 812).

Now pending before the court is Brooks' April 14, 2011 a motion to review the

criminal proceedings (doc. # 853) in which Brooks alleges that his trial, sentence and post-conviction proceedings were tainted by the racial bias of the trial judge. Also pending is Brooks' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 862) which he filed in response to the court's *Castro* order. *See* Doc. # 861. In both motions, Brooks seeks to pursue claims challenging his sentence. He also seeks to raise ineffective assistance of counsel claims that he raised previously in his first § 2255 motion.

28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979).[2] The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year limitation period or the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 & 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. . ..." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted). A federal prisoner cannot escape the procedural

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions. *See Wofford*, 177 F.3d at 1244-45. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Thus, regardless of Brooks' own labeling of his pleadings, the court finds that his motion to review (doc. # 853) is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct under 28 U.S.C. § 2255.

Brooks has previously filed a § 2255 motion attacking his 2003 conviction and sentence. Because both of Brooks' motions attack the validity of his conviction and sentence, they are properly characterized as successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States*, 405 Fed. Appx. 409, 410 (11th Cir. 2010). A second or successive § 2255 motion in the district court requires the movant first to move in the appropriate court of appeals for an order authorizing the district court's consideration of the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

  
offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Brooks has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Brooks's present motions, and the motions are due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't. of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004); *see also Hubbard, supra*, 379 F.3d at 1246-47.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motions (docs. # 853 & 862) be denied and this case dismissed, as Brooks has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is further

ORDERED that Brooks' motion for leave to file a supplemental claim (doc. # 865) be and is hereby GRANTED. Finally, it is

ORDERED the parties shall file any objections to this Recommendation on or before **May 20, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal

factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 6th day of  May, 2013.


                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE